

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CRISHETTA WILLIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:14-CV-067-A |
| | § | |
| DLJ MORTGAGE CAPITAL, INC., | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Now before the court is the notice of removal filed in the above-captioned action by defendants, DLJ Mortgage Capital, Inc., and Select Portfolio Servicing, Inc. Having reviewed the notice of removal and state court documents attached thereto, the record in a prior case adjudicated by another judge of this court between the same parties, and applicable legal authorities, the court concludes that this action should be dismissed on grounds of res judicata.

I.

Background and Facts

Prior to filing the instant action, plaintiff, Crishetta Willis, previously initiated another action ("Prior Action") by

filing her original petition and an application for temporary restraining order in the District Court of Tarrant County, 96th Judicial District, naming the same defendants as in the instant action. Defendants removed the Prior Action on May 7, 2013, where it was assigned to the docket of the Honorable Terry R. Means as Case No. 4:13-CV-376-Y. Defendants filed a motion to dismiss in Case No. 4:13-CV-376-Y, which the court granted, and final judgment was entered on September 26, 2013, as to all of plaintiff's claims against all defendants in that case.[1]

Plaintiff initiated the instant action on January 7, 2014, by filing her original petition and an application for temporary restraining order in the District Court of Tarrant County, Texas, 141st Judicial District. In the instant action, plaintiff alleges that she is the owner of property at 3704 Falcon Lake Drive in Arlington, Texas. Defendants have sought to foreclose on the property.

In the state court petition, plaintiff claims that she executed a promissory note and deed of trust in favor of MILA, Inc., d/b/a Mortgage Investment Lending Associates, Inc. Although various assignments of the note and deed of trust are

---

[1] The instant action is the third attempt by plaintiff to assert claims against these defendants. The first action was removed to federal court on January 10, 2013, and assigned Case No. 4:13-CV-018-Y. Plaintiff voluntarily dismissed Case No. 4:13-CV-018-Y without prejudice on February 25, 2013.

recorded in the records of the Tarrant County Clerk, none reflect any negotiation of plaintiff's note, in violation of Chapter 3 of the Texas Business and Commerce Code. Additionally, the petition alleges that the trust, which is the true holder of plaintiff's note and deed of trust, did not acquire her property within the applicable time frame required by the trust's pooling and servicing agreement. Hence, the petition contends that none of the defendants has any right or authority to foreclose on plaintiff's property. The petition itself does not allege any claims or causes of action; however, plaintiff sought and obtained in the state court a temporary restraining order enjoining defendants from conducting a foreclosure sale or initiating eviction proceedings.

II.

Analysis

A.  Applicable Legal Principles

Res judicata is a defense that generally must be affirmatively pleaded. Carbonell v. La. Dep't of Health & Human Res., 772 F.2d 185, 189 (5th Cir. 1985). Dismissal under Rule 12(b)(6) on res judicata grounds is appropriate, however, when the elements of res judicata are apparent on the face of the pleadings. Id.; Kan. Reinsurance Co. v. Mortg. Corp. of Tex., 20 F.3d 1362, 1366 (5th Cir. 1994). In making such a ruling, the

court may take judicial notice of the record in a prior related proceeding, and may dismiss a complaint <u>sua sponte</u> under principles of <u>res judicata</u>. <u>Arizona v. California</u>, 530 U.S. 392, 412 (2000) ("[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action <u>sua sponte</u>, even though the defense has not been raised."). Dismissal is proper when a plaintiff's complaint conclusively establishes the affirmative defense of <u>res judicata</u>, even if a defendant has not raised the defense, when both actions were brought in the same district. <u>Carbonell</u>, 772 F.2d 185, 189 (5th Cir. 1985).

Under Fifth Circuit law, "<u>res judicata</u> is the 'venerable legal canon' that insures the finality of judgments and thereby conserves judicial resources and protects litigants from multiple lawsuits." <u>Procter & Gamble Co. v. Amway Corp.</u>, 376 F.3d 496, 499 (5th Cir. 2004) (quoting <u>United States v. Shanbaum</u>, 10 F.3d 305, 310 (5th Cir. 1994)). Under <u>res judicata</u>, a prior judgment bars a subsequent judgment when (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. <u>Test Masters Educ. Servs., Inc. v. Singh</u>, 428 F.3d 559, 571 (5th Cir.

2005). The doctrine precludes the relitigation of claims which have been fully adjudicated or arise from the same subject matter, and that could have been litigated in the prior action. Nilsen v. City of Moss Point, 701 F.2d 556, 561 (5th Cir. 1983).

In determining whether the same claims or causes of action are brought, the Fifth Circuit has adopted the transactional test, in which all claims arising from a "common nucleus of operative facts" and could have been brought in the first lawsuit, are barred by res judicata. Procter & Gamble, 376 F.3d at 499. In Nilsen, the court explained:

> [I]t is black-letter law that res judicata, by contrast to narrower doctrines of issue preclusion, bars all claims that were or could have been advanced in support of the cause of action on the occasion of its former adjudication . . . not merely those that were adjudicated.

Nilson, 701 F.2d at 560 (emphasis in original). See also Matter of Howe, 913 F.2d 1138, 1144 (5th Cir. 1990) ("[T]he critical issue is not the relief requested or the theory asserted but whether plaintiff bases the two actions on the same nucleus of operative facts."); Petro-Hunt, LLC v. United States, 365 F.3d 385, 395-96 (5th Cir. 2004) (prior judgment's preclusive effect extends to all rights of plaintiff "with respect to all or any part of the transaction, or series of transactions, out of which the [original] action arose.").

B.  <u>Application of Law to This Action</u>

The court concludes that it is readily apparent from the face of the petition that the elements of <u>res judicata</u> are met, and that this action must be dismissed.

In this case, all four elements of <u>res judicata</u> are met. First, the same plaintiff has brought an action against the same two defendants in this action and in Case No. 4:13-CV-376-Y. Second, the judgment in Case No. 4:13-CV-376-Y was rendered by a judge of this court, which is a court of competent jurisdiction. Third, Case No. 4:13-CV-376-Y was concluded by a final judgment on the merits, as all claims and causes of action in that action were dismissed with prejudice for failure to state a claim upon which relief may be granted.

Discussion is warranted only as to the fourth element. The first five pages of the petition in the instant action are identical to the first five pages of the petition in Case No. 4:13-CV-376-Y, to the point that the same typographical errors appear in both. The petition in Case No. 4:13-CV-376-Y sought declaratory judgment, asserted causes of action for trespass to try title and to quiet title, and was accompanied by a request for a temporary restraining order. The petition in the instant

action inexplicably ends at page 5, omitting the pages from the petition in Case No. 4:13-CV-376-Y that assert specific claims and causes of action. Instead, following page 5 in the instant action is a handwritten signature page bearing the name, State Bar number, and contact information for plaintiff's attorney. The application for temporary restraining order and the temporary restraining order in the instant action are identical to the ones in Case No. 4:13-CV-376-Y, other than the dates of the impending foreclosure sale.

Despite the pages missing from the petition in the instant action, there is no question that any claims plaintiff is attempting to assert in the instant action arise from a "common nucleus of operative facts" as those in Case No. 4:13-CV-376-Y. The first five pages of the petition here and in Case No. 4:13-CV-376-Y are identical and describe the factual basis of plaintiff's claims. These factual allegations all relate to plaintiff's interest in the property on Falcon Lake Drive and revolve around plaintiff's belief that defendants had no authority to initiate foreclosure or eviction proceedings as to such property. Even though no explicit claims or causes of action appear to be asserted in the instant petition, the relief

7

requested by way of a temporary restraining order is identical to that in Case No. 4:13-CV-376-Y, and any claims or causes of action that plaintiff could have, or intended to, assert in the instant action would necessarily arise from the exact same facts as those pleaded in Case No. 4:13-CV-376-Y. The court is satisfied that the instant action and Case No. 4:13-CV-376-Y are based on the same nucleus of operative facts.

All of the required elements having been met, the court concludes that <u>res judicata</u> bars the instant action.

### III.

### Order

Therefore,

The court ORDERS that all claims and causes of action purportedly brought by plaintiff, Chrishetta Willis, against defendants, DLJ Mortgage Capital, Inc., and Select Portfolio Servicing, Inc., be, and are hereby, dismissed with prejudice.

SIGNED February 5, 2014.

_____
JOHN McBRYDE
United States District Judge